UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACE MORTGAGE FUNDING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-cv-1631-DFH-TAB |
| ) | |
| THE TRAVELERS INDEMNITY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This diversity jurisdiction case presents two questions of Indiana insurance law on the scope of general commercial liability coverage for an insured's alleged violations of the federal Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Plaintiff Ace Mortgage Funding, Inc. purchased a commercial general liability insurance policy from defendant The Travelers Indemnity Company of America. Plaintiff was sued in a Missouri state court for alleged violations of federal law by so-called "fax blasts" of unsolicited facsimile advertisements prohibited by 47 U.S.C. § 227(b)(1)(C).

The Travelers policy provides coverage for at least some types of "advertising injury." The policy defines advertising injury in part as: "Oral, written, or electronic publication of material that violates a person's right of privacy." Def. Ex. 2 (CGL Policy Coverage B, Section V). The policy also covers claims for

property damage, but only in the event of an "occurrence," defined to exclude property damage that was expected or intended by the insured. *Id.* (Coverage A, Section V (12)).

When plaintiff Ace Mortgage was sued for violating the TCPA, it tendered defense of the case to Travelers. Travelers refused to defend or indemnify, taking the position that the allegations in the Missouri case did not fall within the definition of advertising injury or property damage under the policy. Ace Mortgage defended and settled the Missouri case on its own. Ace Mortgage has sued Travelers for reimbursement of both its defense costs and the amount it paid to settle the case. Both parties have moved for summary judgment. As explained below, the court grants summary judgment for Travelers.

The parties agree that Indiana law governs, and interpretation of an insurance policy under Indiana law ordinarily is a question of law suitable for decision on summary judgment. *E.g., Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind. 1997) (directing summary judgment for insurer). The court must enforce an unambiguous insurance contract according to its plain meaning, even if that decision limits the coverage available. *Schenkel & Schultz, Inc. v. Homestead Ins. Co.*, 119 F.3d 548, 550 (7th Cir. 1997).

Numerous similar cases involving TCPA claims and standard language in commercial general liability insurance policies have arisen around the country.

Courts have split in deciding whether this policy language applies to claims based on unsolicited commercial faxes. Some federal courts have found that the policy language here covers claims for TCPA violations. *Park University Enterprises, Inc. v. American Casualty Co.*, 442 F.3d 1239 (10th Cir. 2006) (affirming summary judgment for insured under Kansas law); *Hooters of Augusta, Inc. v. American Global Ins. Co.*, 2005 WL 3293089 (11th Cir. Dec. 6, 2005) (affirming summary judgment for insured on interpretation issue under Georgia law); *Western Rim Investment Advisors, Inc. v. Gulf Ins. Co.*, 269 F. Supp. 2d 836 (N.D. Tex. 2003) (applying Texas law), *aff'd*, 2004 WL 1160165 (5th Cir. May 19, 2004) (affirming for "essentially the reasons stated by the district court"). The Eighth Circuit also found coverage under different policy language in *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876 (8th Cir. 2005) (applying Missouri law).

In the first such case to reach the Seventh Circuit, the court predicted that Illinois law would not provide coverage for TCPA violations. *American States Ins. Co. v. Capital Associates of Jackson County, Inc.*, 392 F.3d 939, 942-43 (7th Cir. 2004) (predicting Illinois law). The Seventh Circuit distinguished between privacy rights implicating secrecy interests and seclusion interests, and found that the policy, which refers to injury caused by "publication," covered only intrusions on secrecy. The Fourth Circuit followed this rationale in another case with slightly different policy language. See *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 639-42 (4th Cir. 2005) (applying Virginia law). Among other cases reaching the same conclusions, see, *e.g.*, *ACS Systems, Inc. v. St. Paul Fire &*

*Marine Ins. Co.*, 53 Cal. Rptr. 3d 786 (Cal. App. 2007); *Penzer v. Transportation Ins. Co.*, 509 F. Supp. 2d 1278 (S.D. Fla. 2007) (applying Florida law); *St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 2007 WL 564075, at *4-6 (W.D. Wash. 2007) (applying Washington law); *Melrose Hotel Co. v. St. Paul Fire & Marine Ins. Co.*, 432 F. Supp. 2d 488 (E.D. Pa. 2006) (applying Pennsylvania law), *aff'd mem. sub nom. Subclass 2 of Master Class of Plaintiffs Defined and Certified in the January 30, 2006 and July 28, 2006 Orders of the Circuit Court of Cook County, Illinois in Litigation Captioned Travel 100 Group, Inc.*, 503 F.3d 339 (3d Cir. 2007) (adopting reasoning of district court).  In *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307 (Ill. 2006), the Supreme Court of Illinois disagreed with and declined to follow the Seventh Circuit's prediction of Illinois law in *American States*.

The parties agree that Indiana law applies to this case, but Indiana courts have not yet decided a case similar to this one.  As a district judge, Judge Tinder of this court decided a case in 2006 that raised the same questions that are disputed here.  He found that the insurance policy did not provide for either indemnification or a defense for a lawsuit against the insured alleging TCPA violations.  See *Erie Ins. Exchange v. Kevin T. Watts, Inc.*, No. 1:05-cv-867, 2006 WL 3755329, at *2 (S.D. Ind. Dec. 19, 2006) (granting summary judgment for insurer on indemnity issue and denying motion to reconsider judgment on the pleadings on duty to defend).  Judge Tinder acknowledged *Valley Forge* as a statement of Illinois law, but he continued to rely on *American States* for "general

analytical guidance" in interpreting Indiana law.  See also *Erie Ins. Exchange v. Kevin T. Watts, Inc.*, 2006 WL 1547109 (S.D. Ind. May 30, 2006) (granting judgment on the pleadings for insurer on duty to defend).

On the advertising injury issue, Judge Tinder held that the TCPA claims were not covered because they were not based on the publication of the content of the messages and thus did not invade the secrecy type of privacy interest contemplated by the insurance policy.  2006 WL 1547109 at *5-6.  On the property damage issue, Judge Tinder concluded as a matter of law that the property damage to the fax recipient – tying up the recipient's equipment and using ink and paper – was an expected or intended injury.  2006 WL 3755329, at *3.

The *Erie Insurance Exchange* case was appealed to the Seventh Circuit.  On March 29, 2007, this court stated that it intended to wait for a decision in that case before deciding this one, but that case has been resolved by settlement without a decision by the Seventh Circuit.  See *Erie Insurance Exchange v. Kevin T. Watts, Inc.*, No. 07-1145 (7th Cir. Aug. 17, 2007) (order staying appeal pending settlement).

Courts have already spilled a great deal of ink over this issue.  Without adding new insights to the debate, this court agrees with Judge Tinder's prediction of Indiana law in *Erie Insurance Exchange* as to both the advertising injury and

-5-

property damage issues as they apply to this case.  The court grants Travelers' motion for summary judgment and denies Ace Mortgage's motion for summary judgment.  Final judgment shall be entered for defendant.

So ordered.

Date: March 10, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Christian P. Jones
BARNES & THORNBURG LLP
christian.jones@btlaw.com

David Michael Heger
BARNES & THORNBURG LLP
david.heger@btlaw.com

Heather M. Hughes
DRINKER BIDDLE & REATH LLP
heather.hughes@dbr.com

Laura Anne Brady
DRINKER BIDDLE & REATH LLP
laura.brady@dbr.com

William T. Corbett, Jr.
DRINKER BIDDLE & REATH LLP
william.corbett@dbr.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com

Valerie Lynn Hughs
LEWIS & WAGNER
vhughs@lewiswagner.com